**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **RICHARD GRAHAM,** | |
| **Plaintiff,** | **MEMORANDUM DECISION** |
| | **AND ORDER** |
| **vs.** | |
| | Case No. 2:05CV147DAK |
| **EMERY COUNTY,** | |
| **Defendants.** | |

This matter is before the court on Defendants' Motion to Dismiss Plaintiff's Complaint. The court held a hearing on Defendants' motion on June 12, 2006.  Plaintiff was represented by Phillip W. Dyer and Defendants were represented by Jesse C. Trentadue.  Having fully considered the memoranda submitted by the parties, the arguments made by the parties at the hearing, and the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

**BACKGROUND**

Richard Graham was employed as a patrol deputy by the Emery County Sheriff's Office prior to his termination on November 22, 2002.  Graham was terminated for insubordination and for other misconduct.  Graham appealed his termination to the Emery County Career Service Council pursuant to the Utah County Personnel Management Act, Utah Code Ann. §§ 17-31-1 *et seq.*

Graham also commenced a proceeding before the Utah Department of Workforce

Services to challenge his termination without benefits.  Graham was denied unemployment benefits.  He challenged that decision and the issue of his insubordination was tried to an Administrative Law Judge.  On April 11, 2003, the Administrative Law Judge issued a decision finding "just cause" for Graham's termination and upholding Graham's termination without benefits.  Graham did not, however, appeal that adverse ruling.

On November 15, 2004, the Emery County Career Service Council also issued a Decision and Order determining that the CSC was without jurisdiction to consider and/or enforce an alleged settlement between the parties before it.  On December 14, 2004, Graham commenced an action in the Seventh Judicial District Court in and for Emery County against Emery County, the Emery County Sheriff's Office, Sheriff Lamar Guymon, and the Career Service Council.  In that state court proceeding, Graham seeks to enforce the settlement he contends had been concluded with Emery County involving his termination and adverse ruling by the Career Service Council, including the Council's decision to refer Graham's appeal to an Administrative Law Judge for decision.  The state court proceeding is still pending and a motion for summary judgment on the CSC's jurisdictional determination is currently pending.

Graham initiated this federal court action on February 18, 2005.  Graham's Complaint asserts two causes of action: (1) wrongful termination in violation of his rights to free speech, due process, and to be free from the taking of his personal property under the United States and Utah constitutions, and (2) breach of contract and specific performance in connection with the settlement agreement.  Graham's Complaint seeks the following relief:  (1) special, general, and consequential damages; (2) an order from this court directing the Defendants to specifically perform the full and complete terms of the parties' settlement agreement with him and/or,

alternatively, for general, special, and consequential damages; and (3) attorney's fees.

## DISCUSSION

Defendants argue that Graham's state court proceeding mandates abstention under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 54 (1971). Even when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain from exercising such jurisdiction when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests. In general, under the *Younger* doctrine, a federal court should abstain from hearing a Section 1983 suit when: (1) there is an ongoing state civil or administrative proceeding, (2) the state forum is adequate to hear the claims, and (3) the state proceedings involve important state interests. *Weitzel v. Division of Occupational and Professional Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

Although the *Younger* doctrine began as a preclusion of a federal suit to enjoin a pending state criminal proceeding, the *Younger* doctrine also applies to a state-court civil proceeding, including state-court suits between two private parties. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10 (1987). In addition, although *Younger* involved a request for injunctive relief against the ongoing state proceeding, such relief need not be explicitly sought in federal court for the doctrine to apply. The Supreme Court has held that "the same equitable principles relevant to the propriety of an injunction [apply] to ... a declaratory judgment.... [W]here an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well." *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Furthermore, the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding. *See Gilbertson v. Albright*, 381 F.3d 965, 978-80

3

(9th Cir. 2004) (en banc).

In *Weitzel v. Division of Occupational and Professional Licensing*, 240 F.3d 871 (10th Cir. 2001), the Tenth Circuit found the *Younger* abstention doctrine inapplicable based on an appeal to a state agency's Executive Director because it was an inadequate forum for raising constitutional claims. *Id.* at 876. However, the court applied the doctrine based on the plaintiff's ongoing state action because the Utah state courts provided an adequate forum for the plaintiff to assert his constitutional claims. *Id.* The court stated that "the *Younger* doctrine is particularly applicable in a case such as this where the pending state proceeding may rectify any constitutional violations. *Id.* The court explained that "[u]nder the *Younger* abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings when a state forum provides an adequate avenue for relief." *Id.* at 875.

Under the rationale of *Weitzel*, it is clear that Graham's action before the Career Service Council would not directly implicate *Younger* abstention. Defendants admit that the CSC does not have jurisdiction to determine constitutional claims under Section 1983. However, it will determine the propriety of Graham's termination. There is also an open issue as to whether it has jurisdiction to enforce a settlement between the parties. The pending state court proceeding involves the issue of whether the CSC has jurisdiction to enforce a settlement.

Although Graham argues against the application of *Younger* because he does not seek injunctive or declaratory relief in this action and the pending state court proceeding does not involve his constitutional claims, his Complaint in this action seeks an order directing

4

Defendants to specifically perform the full and complete terms of the parties' settlement agreement with him. Specific performance is an equitable remedy. *See Morris v. Sykes*, 624 P.2d 681, 684 (Utah 1981). The Tenth Circuit's discussion of the *Younger* doctrine talks of "equitable relief," not merely declaratory or injunctive relief. If this court were to enter such an order it would interfere with the ongoing state court proceeding based on the same settlement agreement. If the State court decides that the CSC does have jurisdiction to enforce a settlement, then the state proceeding would be remanded to the CSC for a determination of whether in fact it should enforce the settlement. In addition, it appears that this case could become moot if the state court decided that the CSC has jurisdiction to enforce a settlement and the CSC ultimately decides to enforce it. The state court provides Graham with an adequate forum with respect to this claim and his related claim in this court appears to be asserted only to interfere with the ongoing state proceedings. Therefore, the court concludes that *Younger* abstention is appropriate with respect to Graham's settlement agreement claims.

With respect to Graham's Section 1983 claims asserted in this action, a determination on those claims by this court would also interfere with the ongoing state proceedings. While Graham has taken a narrow interlocutory appeal to the Seventh Judicial District Court in Utah State court from several adverse decisions before the Career Services Council, the termination proceedings are still pending in the CSC and will be resolved upon remand from the State district court. As part of that resolution, the CSC will be required to determine if Graham's termination was in violation of the federal or state constitution. The state court will then review that decision. These state forums are adequate to hear and resolve the matters and the Utah Legislature has expressly established procedures for this type of challenge which meet

5

constitutional standards.  As recognized in *Weitzel*, the state courts have the authority to hear federal constitutional claims.  Furthermore, Graham's Complaint in this court asserts civil rights violations allegedly relating to his termination by a state entity, which presents an important state law issue.

Graham claims that his constitutional cause of action involves an exception to *Younger* abstention because his first cause of action claims a deprivation of his First Amendment right to free speech in retaliation for his exercise of his constitutional rights.  The *Younger* abstention doctrine is inapplicable "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Amanatullah v. State Bd. of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

The court looks to three factors in determining whether a state action was commenced in bad faith or was intended to harass: "(1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." *Weitzel*, 240 F.3d at 877.

Graham's claim is not a bad faith or unlawful retaliation claim such that it falls within an

exception to *Younger*.  The exception applies to instances in which the state administrative or legal proceedings were commenced against the federal court plaintiff.  The exception has not been applied in cases in which the plaintiff initiated state proceedings prior to commencing his or her federal court civil rights suit.  Although Graham claims that his termination was improper, this type of claim is not the type of claim that constitutes bad faith or harassment.   Accordingly, the court concludes that the *Younger* abstention doctrine applies to this case.  The court grants Defendants' motion to dismiss and dismisses Graham's Complaint without prejudice so that it can be re-filed, if necessary, after the ongoing state proceedings have concluded.

## CONCLUSION

Based upon the above reasoning, Defendants' Motion to Dismiss is GRANTED and Graham's Complaint is dismissed without prejudice so that it can be re-filed, if necessary, after the ongoing state proceedings have concluded.

DATED this 7th day of July, 2006.

BY THE COURT:

DALE A. KIMBALL
United States District Judge